# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT LEE BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:10-CV-032 PS |
| vs. | ) |
| | ) |
| LAKE COUNTY JAIL TRUST FUND, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Robert Lee Barnes, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). I apply the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In determining whether the complaint states a claim, I must also bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). In his complaint, Barnes names one defendant: "Lake County Jail Trust Fund Account." (DE 1 at 1.) He asserts that a $40.00 charge was wrongfully deducted from his commissary trust fund account at the Jail for a phone call he did not make or authorize. He asserts that this constituted wire fraud under federal criminal law, 18 U.S.C. § 1343, and violated his constitutional rights.

As an initial matter, the only defendant Barnes names is his trust fund account, which is an object, not a person or even a policy making unit of government that can be held liable under 42 U.S.C. § 1983. But even assuming Barnes could name a proper defendant, his allegations fail to state a claim. Though the Fourteenth Amendment provides that state officials cannot "deprive any person of life, liberty, or property, without due process of law," when the state provides a method by which a person can seek post-deprivation reimbursement for the loss of property, due process is satisfied. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Indiana provides a procedure for state judicial review of property losses caused by government employees, and this procedure provides an adequate post-deprivation remedy for purposes of the Due Process Clause. *See* IND. CODE § 34-13-3-1 *et seq.*; *Wynn v. Southward*, 251 F.3d 588, 592-93 (7th Cir. 2001). Because Barnes has an adequate remedy in state court, he has failed to state a claim for violation of his due process rights. Barnes also alleges a violation of federal criminal law; however, only the U.S. Attorney has prosecutorial authority to bring charges for a violation of federal law. His allegations fail to state a claim for relief.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: February 1, 2010.

 s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT